UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | 1:14-cv-01171-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 7.) |

## I.　BACKGROUND

Plaintiff Eric Johnson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 28, 2014. (Doc. 1.) On July 31, 2014, the court issued an order dismissing this case under 28 U.S.C. § 1915(g), based on evidence of three prior "strikes" against Plaintiff, without prejudice to refiling with submission of the $400.00 filing fee. (Doc. 4.) On September 2, 2014, Plaintiff filed a motion for reconsideration of the court's order dismissing this case. (Doc. 7.)

## II.　MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

1

misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that the court misapplied the law in its July 31, 2014 dismissal order.  Plaintiff argues that the "three strikes" provision of 28 U.S.C. 1915(g) does not apply to his three prior cases cited by the court, which were all filed in 1994, because the "three strikes" provision is not retroactive and therefore only applies to cases filed after the statute became effective in 1998.

**Discussion**

Plaintiff's argument has no merit.  The Prison Litigation Reform Act, Pub.L. No. 104-134, § 804(g), 110 Stat. 1321 (1996), which in part amended the portion of 28 U.S.C. § 1915

which deals with "proceedings *in forma pauperis*," was effective on April 26, 1996. <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir. 1997).  The Ninth Circuit decided in <u>Tierney</u> that "[s]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed ***both before and after the statute's effective date*** [and t]herefore, regardless of the dates of the dismissals, the analysis is the same:  three prior dismissals on the stated grounds equals no *in forma pauperis* status in new filings, unless the prisoner is in imminent danger of serious physical injury." <u>Tierney</u> at 1312 (emphasis added).  Plaintiff's case was dismissed based on three of Plaintiff's prior cases dismissed as "strikes":  (1) 2:94-cv-01616-DFL-GGH PC <u>Johnson v. State of California, et al.</u> (E.D. Cal.) (dismissed 07/26/1995 for failure to state a claim); (2) 2:94-cv-01146-EJG-GGH PC <u>Johnson v. Briscoe, et al.</u> (E.D. Cal.) (dismissed 08/17/1995 for failure to state a claim); and (3) 2:94-cv-01925-WBSGGH PC <u>Johnson v. Bonaccorso, et al.</u> (E.D. Cal.) (dismissed 09/08/1995 for failure to state a claim).  (Doc. 4 at 2 fn.1.)  Under <u>Tierney</u>, the fact that these three cases were all filed and dismissed before 28 U.S.C. § 1915(g)'s effective date does not cause retroactivity concerns.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on September 2, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2014**         /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE